FILED
2008 Aug-05 PM 06:03
U.S. DISTRICT COURT
N.D. OF ALABAMA

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
NORTHWESTERN DIVISION

| | |
|---|---|
| **JASON WILSON,** )<br>)<br>Plaintiff, )<br>)<br>**vs.** )<br>)<br>**GREG PINKARD and JASON** )<br>**HOLCOMB,** )<br>)<br>Defendants. ) | Civil Action Number<br>**3:07-cv-1792-UWC** |

## MEMORANDUM OPINION ON
## DEFENDANTS' MOTION TO RECONSIDER

Defendants have filed a Motion to Reconsider the Court's denial of their Motion to Dismiss. (Doc. 17.) For the reasons stated herein, the motion is due to be granted; and, upon reconsideration, the order denying the motion to dismiss will be vacated.

I

In this action under 42 U.S.C. § 1983, Plaintiff Jason Wilson claims that Defendants Greg Pinkard and Jason Holcomb, in their individual capacities as deputy sheriffs of Franklin County, Alabama, arrested him after having provided false information to a magistrate for the purpose of obtaining an arrest warrant. Wilson alleges that, at the time the Defendants provided the information to the magistrate, they had no probable cause or arguable probable cause to believe that he had received stolen property. He further alleges that the only information they possessed

was that he was a friend of the suspected thief, Bo Cummings. Wilson asserts and assumes that Defendants believed, that by arresting him, they could coerce him to provide incriminating evidence against Cummings.

Following his arrest, Wilson was indicted by a Franklin County grand jury on October 7, 2007. He was released on bond the same day. On November 21, 2005, the case against Wilson was *nol prossed* by the Franklin County District Court, on the State's motion, conditioned on Wilson's "giving [a] truthful statement and [agreeing to] testify against [his] co-defendant." (Doc. 21, Defs.' Reply Br. at Ex. A.)

Wilson does not know, and therefore cannot plead, the specific information conveyed to the magistrate by Defendants. He has sought discovery on this issue (i.e., the affidavit or other evidence provided by the Defendants to the magistrate), but it has been refused.[1]

II

In denying the Defendants' Motion to Dismiss, the Court found that the facts were sufficiently pled to withstand a motion to dismiss. (Doc. 15.) On reconsideration, the Court finds that it lacks sufficient information to make that determination.

As the Defendants correctly urge, "[u]nless the plaintiff's allegations state a

---

[1] It is true that in the criminal proceeding, Wilson sought discovery of the State and the court granted the motion. (*See* Doc. 21, Defs.' Reply Br. at Ex. A.). But there is no evidence that the State actually provided the requested materials to the Wilson.

claim of violation of clearly established law, a defendant pleading qualified immunity is entitled to dismissal before the commencement of discovery." *Mitchell v. Forsyth,* 472 U.S. 511, 526 (1985).

Here, Wilson's allegations clearly state "a claim of violation of clearly established law." *See id*. In essence, he alleges that Defendants went to a magistrate and procured a warrant for his arrest armed only with the fact that he was a friend of Cummings. Since the friendship factor is hardly sufficient evidence to establish the requisite probable cause or arguable probable cause needed for an arrest warrant, Wilson alleges that Defendants made false statements in order to obtain the warrant. Defendants do not quarrel with the well-settled principle that "falsifying facts to establish probable cause is patently unconstitutional and has been for a very long time." *Kingsland v. City of Miami*, 382 F.3d 1220, 1232 (11th Cir. 2004) (citations omitted); *see also Jones v. Cannon*, 174 F.3d 1271, 1285 (11th Cir. 1991) ("The Constitution prohibits a police officer from knowingly making false statements in an arrest affidavit about probably cause for an arrest in order to detain a citizen . . . .") (citing *Malley v. Briggs*, 475 U.S. 335, 344-45 (1986)).

Thus, at a minimum, Wilson has made sufficient allegations to open the door to limited discovery. He has made a colorable showing that Defendants failed to provide the magistrate judge with ample evidence that probable cause existed to believe he had received stolen property. On the one hand, Wilson is unaware of

precisely what allegations were made to the magistrate. Indeed, only the Defendants, their supervisors, agents, attorneys, and the magistrate are in possession of these allegations.

Before the Court makes a determination of whether Defendants are protected by qualified immunity, basic notions of fair play and justice require that Wilson be provided the evidence submitted by Defendants to the magistrate in support of the issuance of an arrest warrant for him. This discovery obligation is not onerous – only the supporting affidavits will be required or, if affidavits were not submitted, each Defendant shall submit to counsel for Plaintiff a short affidavit setting forth his representations to the magistrate judge.

## Conclusion

By separate orders, Defendants' Motion to Reconsider will be granted, the Order denying Defendants' Motion to Dismiss will be vacated, and Defendants will be required to submit to limited discovery.

Done this 5th day of August, 2008.

_____
U.W. Clemon
United States District Judge