FILED

2008 Oct-27  PM 05:45
U.S. DISTRICT COURT
N.D. OF ALABAMA



IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
NORTHWESTERN DIVISION

| | | |
|---|---|---|
| **JASON WILSON,** | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| **vs.** | ) | Civil Action Number |
| | ) | **3:07-cv-1792-UWC** |
| **GREG PINKARD and JASON** | ) | |
| **HOLCOMB,** | ) | |
| | ) | |
| Defendants. | ) | |

**MEMORANDUM OPINION ON
DEFENDANTS' MOTION TO DISMISS**

In its Memorandum Opinion on Defendants' Motion to Reconsider, Doc. 22,

incorporated herein by reference, the Court concluded that it lacked sufficient

information to make a determination of whether Defendants are entitled to qualified

immunity on Plaintiff's claims under 42 U.S.C. § 1983. . For the purpose of

determining whether there was probable cause for the issuance of the arrest warrant

for Plaintiff, the Court required Defendants to submit to discovery, limited to

production of the affidavits and/or other evidence presented to the magistrate in

support of the warrant.

Defendants have sufficiently responded to the limited discovery.

Based on the evidence in the record, the Defendants are entitled to qualified

immunity.

I. The Facts

The affidavit of Defendant Greg Pinkard recites that he did not personally seek a warrant and complaint for the Plaintiff's arrest.

The affidavit of Defendant Jason Holcomb recites that he investigated the Timmons burglary case which resulted in Plaintiff's arrest. During his investigation, without any solicitation from him, a Crystal Mills contacted him and volunteered to make a statement. In the statement, Crystal Mills says that Plaintiff admitted to her that he had participated in Bo Cummings' burglary of the Timmons home; and that they had taken guns from the home. At the time Plaintiff made these statements to Crystal Mills, he had a boxer bulldog in the car with him.[1] Crystal Mills signed the statement attesting to these facts.

Thereafter, Defendant Holcomb took his investigative file to the District Attorney, who opined that there was probable cause to obtain a warrant. Defendant Holcomb then took the investigative file to the magistrate, who issued the arrest warrant for Plaintiff's arrest.

Defendant Holcomb has sworn that he did not offer any inducement, promise or reward to Crystal Mills; that he believed her statements to be true; and that in

---

[1]Mrs. Timmons had earlier stated that she had seen a car with a boxer bulldog in it near her residence around the time of the burglary.

seeking the warrant, he simply presented his investigative file to the magistrate and made no statements to her.

Plaintiff does not dispute the sworn statements of either Defendant. While admitting that he knows Crystal Mills, he denies that he made any incriminating statements to her and that he has a boxer or bulldog. He knows of no motive that Crystal Mills would have to lie about him to either of the Defendants.

## II.

To defeat Defendants' affirmative defense of qualified immunity, Plaintiff must sufficiently allege that they violated clearly established law. As noted in the earlier opinion, the falsification facts by law enforcement officials to establish probable cause is a violation of clearly established law. *Kingsland v. City of Miami*, 382 F.3d 1220, 1232 (11th Cir. 2004).

Based on the facts as they appear in the record, Plaintiff simply cannot meet the heightened pleading standard applicable to this case. Plaintiff's allegation that the Defendants solicited and knowingly used the false statements of Crystal Mills to establish probable cause is supported only by his speculation and conjecture.

Plaintiff 's effort to engage in additional discovery is misplaced, for as the Supreme Court warned in the very case in which it legislated the qualified immunity doctrine, "bare allegations of malice should not suffice to subject government officials either to the costs of trial or to the burdens of broad-reaching discovery."

*Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982) (emphasis added).

It follows that Defendants' motion to dismiss must be granted.

It will be done by separate order.

_____

U.W. Clemon
United States District Judge
